**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

CARMELO FONSECA and
JESSICA ADAMS,

                Plaintiffs,

v.                                       CIVIL ACTION NO.  2:05-cv-00746

GOVERNMENT EMPLOYEES INSURANCE
COMPANY, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendants' motion for summary judgment [Docket 10].  The plaintiffs did not respond.

Count I of the plaintiffs' Complaint asserts a claim for uninsured motorist coverage for injuries the plaintiffs allegedly sustained in a car accident on July 27, 2003, in Logan County, West Virginia.  Count II asserts the defendants engaged in unfair claim settlement practices in violation of the West Virginia Unfair Trade Practices Act.

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The party seeking summary judgment has the initial burden to show an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The opposing party must demonstrate that a

genuine issue of material fact exits; mere allegations or denials are insufficient. *Liberty Lobby*, 477 U.S. at 248.  A mere scintilla of evidence supporting the case also is insufficient.  *Id*.; *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994).  The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in the nonmovant's favor. *Matsushita*, 475 U.S. at 587–88.

The plaintiff has not filed a response to the defendants' motion.  Although the Federal Rules of Civil Procedure provide for default procedures in Rule 55, those procedures do not govern the failure of a plaintiff to respond to a motion for summary judgment.  *Custer v. Pan American Life Ins. Co.*, 12 F.3d 410, 415 (4th Cir. 1993).  "Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to 'a judgment as a matter of law.'" *Id*. at 416.  Therefore, even though the motion is unopposed, the court will review the pending motion under its usual summary judgment standard to determine whether the defendants are entitled to judgment as a matter of law.

Based on the uncontroverted facts of the defendants' motion, it is clear that the defendants are entitled to judgment as a matter of law.  The defendants have offered the plaintiffs the remaining limits under Jennifer Fonseca's uninsured motorist liability policy.  The plaintiffs' suit is meritless.

Accordingly, I **GRANT** the defendants' motion.  The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      August 8, 2006

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

-2-